UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY KACHMAN,<br><br>Plaintiff,<br><br>v.<br><br>WASHOE COUNTY DEPUTY SHERIFF<br>CHAD E. ROSS,<br><br>Defendant. | Case No. 3:17-cv-00660-MMD-WGC<br><br>**ORDER** |

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

## **I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,*

335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's certified account statement indicates that his average monthly balance for the six months prior to filing was $7.62, and his average monthly deposits were $27.06.

Plaintiff's application to proceed IFP should be granted. He should be required to pay an initial partial filing fee in the amount of $5.41 (20 percent of $27.06). Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the $350 filing fee is paid. (The filing fee is $350. An administrative fee of $50 is usually charged, but is waived for applicants granted IFP status.)

## II. SCREENING

**A. Standard**

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is

incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

In addition, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a

claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff asserts a claim of excessive force under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, and State law claims of assault and battery against Washoe County Deputy Sheriff Chad E. Ross stemming from events that took place on November 3-4, 2015. Specifically, Plaintiff alleges that late in the evening on November 3, 2015, he and his live-in girlfriend got into an argument, which escalated and resulted in Plaintiff leaving the home in his truck. The girlfriend and her friends observed Plaintiff drive by the home several times, and called the Washoe County Sheriff's Department because the girlfriend was afraid of a confrontation with Plaintiff. Two deputies, including defendant Ross, arrived at the home. Plaintiff drove by the home again, and the other deputy drove off to pursue him, while defendant Ross stayed at the home. Plaintiff drove his truck back to the home and stopped in the street in front of the home.

Plaintiff avers that Ross approached the truck and began yelling commands in an aggressive manner to get out of the truck and put his hands up. Plaintiff put his hands out of the truck, then put his hands back in the truck and told Ross he did not do anything wrong. Ross then proceeded to fire several shots into the truck through the driver's side door, and one of the bullets struck Plaintiff in the spine, causing him to lose control of his body. As a result, the truck rolled down the decline of the street and eventually rolled onto the driver's side door, colliding with another truck at the bottom of the street. Plaintiff claims that Ross continued to fire shots at the truck as it moved down the street.

Plaintiff alleges that Ross' actions were objectively unreasonable because Plaintiff did not pose an immediate threat to his safety, he was not resisting, or taking any aggressive action. Plaintiff maintains that he did not engage in a crime that would justify the use of deadly force, and

1  Ross did not consider less intrusive methods of affecting the arrest that were then available.
2  Plaintiff is paralyzed from the waist down as a result of the incident.

3  The court notes that Plaintiff previously filed a similar complaint (with counsel) in 3:16-cv-00007-MMD-WGC. Those proceedings were stayed for some time due to pending related criminal proceedings. The parties were eventually allowed to conduct some limited discovery, but the parties subsequently entered into a stipulation for dismissal without prejudice to await resolution of the pending criminal charges. (*See* ECF No. 34 in 3:16-cv-00007-MMD-WGC.) Plaintiff has now initiated the instant action pro se.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Claims of excessive force during an arrest or other seizure of a free citizen are evaluated under the Fourth Amendment and apply an "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 295 (1989).

Plaintiff states a colorable Fourth Amendment excessive force claim against defendant Ross.

Plaintiff also states colorable claims for assault and battery. *See* Restatement (Second) Torts §§ 13, 18, 21 (1965) (Battery is act intending to cause harmful or offensive contact to another, and resulting harmful or offensive conduct. A defendant is liable for assault if he acts intending to cause harmful or offensive contact to another person, or imminent apprehension of such contact, and the other is put in such imminent apprehension).

Plaintiff seeks injunctive relief that the actions are illegal and unconstitutional, as well as actual, compensatory and punitive damages. On the face of the complaint, he does not appear to be challenging the fact of his arrest or incarceration so as to render a conviction or sentence invalid; therefore, his claim does not appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or its progeny. In other words, Plaintiff does not allege that Ross was not justified in arresting him; rather, he claims that Ross was unjustified in using deadly force.

///

///

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**; however, Plaintiff is required to pay, through NDOC, an initial partial filing fee in the amount of $5.41, within **thirty days** of this Order. Thereafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk shall SEND a copy this Order to the attention of Chief of Inmate Services for the **Nevada Department of Prisons**, P.O. Box 7011, Carson City, NV 89702.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The action shall proceed on the Fourth Amendment excessive force, as well as assault, and battery claims against defendant Chad E. Ross.

(4) The Clerk shall **ISSUE** a summons for the defendant, and send Plaintiff a copy of the complaint and service of process form (USM-285). Plaintiff has **twenty days** to complete the USM-285 form and return it to the U.S. Marshal to complete service upon the defendant. Within **twenty days** of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff is directed to file a notice with the court indicating whether the defendant was served. If service was not effectuated, and if Plaintiff wishes to have service attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted. Plaintiff should be reminded that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within **ninety days** of the date of this Order. If Plaintiff should require additional time to meet deadlines set by this court, he must file a motion for an extension of time in accordance with Local Rule 26-4. If he requires an extension of time to effectuate service, the motion must be supported by good cause and shall be filed *before* the expiration of the ninety-day period.

(5) Once service is accomplished, Plaintiff shall serve a copy of every pleading, motion or other document submitted for consideration by the court upon the defendants or, if an appearance has been entered by counsel, upon the attorney. Plaintiff shall include with the original of each

document to be filed with the court a certificate stating that a true and correct copy of the document was mailed to the defendant or counsel. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

**IT IS SO ORDERED**.

DATED: January 30, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE