UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GREGORY KACHMAN,

          Plaintiff,

v.

CHAD E. ROSS,

          Defendant.

Case No. 3:17-cv-00660-MMD-WGC

ORDER

**I.    SUMMARY**

*Pro se* state prisoner Plaintiff Gregory Kachman sued Defendant Washoe County Deputy Sheriff Chad E. Ross for shooting him in the spine after Defendant responded to a domestic dispute call made by Plaintiff's girlfriend, alleging Defendant used unconstitutionally excessive force. (ECF No. 1.) Defendant perhaps thought Plaintiff was trying to kill him with his truck. (ECF No. 8 at 3, 7.) Defendant has now moved to dismiss (the "Motion").[1] (ECF No. 8.) The Court will grant Defendant's Motion because Plaintiff's constitutional claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**II.    BACKGROUND**

Plaintiff asserts a claim of excessive force under the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983, and state law claims of assault and battery against Defendant stemming from the events briefly described above. The Court refers to its prior order in this case for a description of those events as Plaintiff alleges they took place. (ECF No. 3 at 4-5.) In that prior order, the Court found that Plaintiff's claim

---

[1]The Court has also reviewed Plaintiff's response (ECF No. 11), and Defendant's reply (ECF No. 12), along with their corresponding exhibits.

did not appear to be barred by *Heck* or its progeny. (*Id.* at 5.) However, facts presented to the Court since that time must change the Court's analysis.

Plaintiff was also criminally charged in connection with the same events giving rise to this case. Specifically, Plaintiff was arrested and charged with Assault Upon An Officer With The Use Of A Deadly Weapon.[2] (ECF No. 8-1 at 2.) Plaintiff pled guilty to this charge in the corresponding state-court criminal case. (ECF No. 8-3 at 2.) The relevant portion of the plea agreement he signed states that Plaintiff was trying to kill Defendant by running Defendant over with his truck at the time Defendant shot Plaintiff. (*Id.*) Further, the plea agreement states that Defendant reasonably feared immediate bodily harm because Plaintiff was trying to run Defendant over with his truck. (*Id.*)

Defendant moved to dismiss this case on the grounds of qualified immunity, relying heavily on Plaintiff's admissions in his plea agreement in the state court criminal case that he was trying to kill Defendant with his truck. (ECF No. 8 at 4-7.) Thus, the argument goes, the force that Defendant used was not excessive as a matter of law— police officers can use up to deadly force when they reasonably fear immediate bodily harm. (*Id.* at 7.) Further, Defendant argued the Court should not exercise pendant jurisdiction over the state law assault and battery claims because Plaintiff's federal claim should be dismissed. (*Id.*)

In his response to Defendant's Motion, Plaintiff argued—and provided evidence to support his argument—that he was not trying to kill Defendant with his truck when Defendant shot him, and thus that Defendant did not reasonably fear imminent bodily injury. (ECF No. 11 at 3-5, 11-12, 14.) Because this argument contradicts the facts Plaintiff admitted to in his guilty plea in the corresponding state-court criminal case,

---

[2]Plaintiff was also charged with, and later pled guilty to, stalking, but that charge is not directly relevant to this case. (ECF No. 8 at 3, 8-3 at 4.) In addition, the Court takes judicial notice of Plaintiff's state court criminal records, which Defendant attached as exhibits to its Motion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (finding that a court may take judicial notice of matters of public record without converting a 12(b)(6) motion into a summary judgment motion). For convenience, the Court will cite to the exhibits attached to Defendant's Motion in this order.

2

Defendant then argued in his reply that Plaintiff's claims are *Heck*-barred. (ECF No. 12 at 4-5.)

The Court gave Plaintiff an additional fifteen days to respond to Defendant's argument that his claims are *Heck*-barred in a surreply, and warned him that his claims may be dismissed on *Heck* grounds, even if he failed to respond within those fifteen days. (ECF No. 13.) Plaintiff did not file a surreply within those fifteen days.

### III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at

1 678. Where the complaint does not permit the court to infer more than the mere
2 possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the
3 pleader is entitled to relief." *See id.* at 679 (alteration in original) (internal quotation
4 marks omitted). When the claims in a complaint have not crossed the line from
5 conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at
6 570.

## IV. DISCUSSION

For the reasons explained below, the Court finds that Plaintiff's constitutional claim is *Heck*-barred. The Court will dismiss it without prejudice. Further, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and also dismiss them without prejudice.

In *Heck*, the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id.* at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

*Heck* applies to Plaintiff's constitutional claim here. Judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction and its corresponding guilty plea. To win this case, Plaintiff would have to show that Defendant used unconstitutionally excessive force against him. However, Plaintiff admitted in his guilty plea that he placed

4

1   Defendant in reasonable apprehension of immediate bodily harm when he attempted to
2   kill Defendant with his truck. (ECF Nos. 8-3 at 3, 8-2.) This is an element of the offense
3   Plaintiff pleaded guilty to. *See* NRS § 200.471(1)(a)(2), (2)(c). Further, applicable
4   constitutional law authorizes Defendant, a police officer, to use up to deadly force when
5   placed in reasonable apprehension of serious physical harm. *See, e.g.*, *Brosseau v.
6   Haugen*, 543 U.S. 194, 197-98 (2004). Given the facts he admitted to in his plea
7   agreement, Plaintiff would accordingly have to invalidate his conviction to prevail in this
8   case, and he has not—meaning that his claims are *Heck*-barred. *See Heck*, 512 U.S. at
9   487; *see also Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (stating to the extent
10  that the plaintiff sought to "invalidate his assault conviction, whether expressly or by
11  implication, we affirm the district court's dismissal.").

Having dismissed the claim over which the Court had original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for assault and battery. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's Motion.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 8) is granted. Plaintiff's constitutional claim is barred under *Heck* and is dismissed without prejudice. The Court declines to exercise supplemental jurisdiction over the state law claims and therefore dismisses them without prejudice.

The Clerk of the Court is directed to enter judgment accordingly and close this case.

///

5

DATED THIS 2nd day of November 2018.

                                              _____
                                              MIRANDA M. DU
                                              UNITED STATES DISTRICT JUDGE